[862 NYS2d 600]

In the Matter of DAVID CLINTON, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, August 12, 2008

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Myron C. Martynetz* of counsel), for petitioner.

*Hinshaw & Culbertson, P.C.*, New York City (*Hal R. Lieberman* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second and Eleventh Judicial Districts (hereinafter the Grievance Committee) served the respondent with a petition dated April 11, 2006, containing one charge of professional misconduct. After a preliminary conference on June 21, 2006, and hearings conducted on September 27, September 28, and October 23, 2006, the Special Referee did not sustain the charge. The respondent now moves to confirm the Special Referee's report and to dismiss the petition, while the Grievance Committee moves to disaffirm the report, to sustain the charge as supported by a fair preponderance of the credible evidence, and to discipline the respondent as the Court deems appropriate.

Charge one alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, and which adversely reflects on his fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (4) and (7) (22 NYCRR 1200.3 [a] [4], [7]).

On May 20, 2002, the respondent visited the psychiatric unit of Columbia Presbyterian Hospital where his cousin, Rubin J., was a patient. The respondent knew of Rubin's recent history of psychiatric hospitalizations. Reynaldo Hylton, a notary, accompanied the respondent. The respondent also brought a deed and other legal documents that he had prepared. The respondent had Rubin execute the deed, conveying Rubin's house in Brooklyn to the respondent and his wife, without any consideration. Rubin continued to be liable as a mortgagor in connection with a mortgage loan that financed his purchase of the house.

The respondent recorded the deed the next day and ignored immediate requests by Rubin and his attorneys to reconvey the property on the ground that the conveyance was a nullity by virtue of his hospitalization.

Rubin commenced an action in the Supreme Court, Kings County, in or about November 2002, to have the deed "declared fraudulent, void and be cancelled of record." The Supreme

Court granted Rubin's motion for summary judgment. In a judgment dated May 4, 2004, the Supreme Court declared the conveyance null and void, awarded Rubin possession of the property, and directed the respondent and his wife to immediately vacate it. In a decision and order on motion dated August 10, 2004, this Court denied the respondent's motion for a stay, pending appeal, of enforcement of the judgment. In a decision and order dated May 31, 2005, this Court affirmed the judgment.

The subject deed was filed and recorded without a meeting of the minds between the respondent and Rubin with respect to the terms of sale and transfer. The evidence reveals that the respondent, without following the requisite protocol, set forth in the regulations of the New York State Department of Mental Hygiene (14 NYCRR 22.3), approached Rubin with a deed to execute while the latter was confined to a psychiatric ward at a major New York City hospital in a delusional state of mind. Rubin's vulnerability was patent. The respondent filed and recorded the deed despite being told that he could not obtain signatures on legal documents from patients in psychiatric wards without following accepted procedures. Pursuant to 14 NYCRR 22.3, no patient is permitted to, inter alia, sign any check, make a will, or execute any contract, deed, mortgage, or other legal conveyance until after the director or officer in charge of the relevant facility has made a determination that the patient had the mental capacity and willingness to execute the instrument. A person at the facility reviewing the patient's mental capacity is required to carefully scrutinize the document as well as the surrounding circumstances, and interview or have a staff physician interview the patient. If a positive determination is made, an entry must be made in the patient's case record, with a description of the transaction and a certification by the interviewing physician. There is no dispute that the respondent did not follow this procedure.

The respondent's defense is based on his own nonexpert diagnosis, and that of his hand-picked notary, that Rubin was of sound mind and was competent to cede ownership of his property without consideration and without the advice of an independent attorney. The respondent's counsel posits a subjective standard, based on what was purportedly in the respondent's mind at the time he had Rubin execute the deed, notwithstanding the objective facts. That standard was adopted by the Special Referee, and factored prominently in his assessment of the witnesses' credibility.

The findings of the Special Referee, however, are contradicted by some of the respondent's own witnesses, and find no support in the hospital records. Significantly, the respondent's misconduct was not limited to his actions of May 20, 2002. Despite numerous opportunities to return the deed, the respondent's actions in moving into the residence, collecting rents from tenants while Rubin continued to repay the mortgage loan, and refusing to vacate the premises until a city marshal's intervention was sought, demonstrate an ongoing intent to deprive Rubin of his property.

The respondent's position disregards the protection afforded by the New York State Department of Mental Hygiene, the advice of family members, the rules of professional conduct, and rulings by both the Supreme Court and the Appellate Division. Under the circumstances, we find that the Special Referee erred in failing to sustain the charge.

Based on the evidence adduced, the respondent's motion to confirm the Special Referee's report is denied, the Grievance Committee's motion to disaffirm that report is granted, and the charge is sustained.

Notwithstanding the serious nature of the respondent's misconduct, in view of the character evidence proffered in mitigation and the respondent's unblemished disciplinary history, we find that his suspension from the practice of law for five years is an appropriate sanction.

PRUDENTI, P.J., MASTRO, RIVERA, SPOLZINO and SKELOS, JJ., concur.

Ordered that the respondent's motion to confirm the report of the Special Referee is denied; and it is further,

Ordered that the petitioner's cross motion to disaffirm the report of the Special Referee and to sustain the charge is granted; and it is further,

Ordered that the respondent, David Clinton, is suspended from the practice of law for a period of five years, commencing September 12, 2008, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of five years, upon furnishing satisfactory proof that during that period he (a) refrained from practicing or attempting to practice law, (b) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22

NYCRR 691.10), (c) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c); and (d) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, David Clinton, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.

Ordered that if David Clinton has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).